### BROOKS v STATE

Ohio Common Pleas, Hamilton Co

Decided April 16, 1935

Edw. T. Dixon, Cincinnati, for plaintiff in error.

Stewart Cooper, Ass't. Attorney General, Cincinnati, and Harry J. Wernke, Ass't. City Solicitor, Cincinnati, for defendant in error.

### OPINION

By ALFRED MACK, J.

Plaintiff in error was convicted in the Municipal Court of Cincinnati for the offense of transporting intoxicating liquor in violation of §6064-55, GC, and was fined $200 and costs. Error is prosecuted to such judgment.

Determination of this cause does not require reference to any of the adjudicated cases if the undisputed facts are borne in mind, and recourse is had to the provisions of the Twenty-first amendment to the Constitution of the United States, and the plainly expressed provisions of the Ohio Liquor Control Act (115 Ohio Laws, Part 2, p. 118).

344

Under the compromise whereby the Eighteenth Amendment of the Constitution of the United States was repealed it was expressly provided that:

"The transportation or importation into any state, territory,· or possession of the United States for delivery therein of intoxicating liquors, in violation of the laws thereof is hereby prohibited." ·

In other words, each state has a right to regulate the importation into such state of intoxicating liquors as such state determines. On the other hand, each state wherein intoxicating liquors can be manufactured or sold, under its laws, has the right to legislate upon such matters, but obviously has no right to legislate on the subject of the importation of such liquors into another state; said matter being within either the jurisdiction of the other state to prohibit the importation thereof, or within the jurisdiction of Congress over the subject of interstate commerce.

Said Ohio Liquor Control Act under §6064-14 GC, provides that:

"No one shall manufacture for sale any intoxicating liquor in this state, or transport or import into this state for delivery or use thereof any intoxicating liquor unless such person shall comply with the provisions of the Act and be the holder of a permit issued by the Department of Liquor Control."

Nothing is said in said section concerning the exportation or liquor purchased from one having such permit.

Sec 6064-15, GC, provides for the issuance of seventeen different kinds of permits in none of which are the word "import," "importing," "export," or "exporting" mentioned except with reference to "Permit A-3." Such permit (A-3) provides for:

"A permit to a manufacturer to manufacture spirituous liquor * * * to import into this state spirituous liquor for blending, or other manufacturing processes, and to export from this state spirituous liquor in bulk or otherwise for sale outside this state."

Permit H., provides for:
"A permit to a common carrier, or a contracting carrier to transport beer, intoxicating liquor or alcohol, any or all of them, in this state, for delivery or use in this state."

Sec 6064-55 GC provides:
"Whoever. not being the holder of a Class H permit, transports or imports beer, intoxicating liquor or alcohol, or any of them in this state, shall be guilty of a misdemeanor, etc., * * * This section shall not apply to the transportation and delivery of beer or intoxicating liquor purchased, or to be purchased from the holder of a permit issued by the Department of Liquor Control, in force at the time, and authorizing the sale and delivery of the beer or intoxicating liquor so transported."

· Undisputed facts established by the evidence in the instant case are:

Kolmar, Inc., was engaged in business in the city of Cincinnati and was the holder of an "A-3 Permit" issued by the Department of Liquor Control of the state of Ohio. Kentucky Distributing Co., was engaged in business in Covington, Ky., and was licensed by the Commonwealth of Kentucky to sell, import or export spirituous, vinous intoxicating malt liquors at wholesale to holders of state permits, etc.

On February 4, 1935, Kolmar, Inc., sold to Kentucky Distributing Co., twenty cases of pints and ten cases of quarts of Green Meadow 100% proof Straight Whiskey, and in accordance with the provisions of the U. S. Internal Revenue Laws, on February 5, made its report to the U. S. Internal Revenue Department showing such sale of said articles to be sent to Kentucky Distrib Co., Covington, Ky. On February 7, 1935, Kentucky Distrib. Co. sent a truck, driven by plaintiff in error, to Cincinnati, Ohio, to call for said articles to be transported to Covington, Ky. While in the act of such transportation from Cincinnati, Ohio, to Covington, Ky., plaintiff in error was arrested. He was not the holder of any "H. Permit" above referred to. It is claimed on behalf of defendant in error that by reason of not having such permit plaintiff in error offended the provisions of §6064-55, GC.

Obviously, by the plain provisions of §§6064-55. GC the permit therein required was for a carrier who transports in the state of Ohio liquor "for delivery or use in this state," or desires to "import" the same in this state for delivery or use in this state. Clearly this does not intend to, nor does it relate to any one engaged in the interstate commerce business of transporting liquor legitimately sold in Ohio to another in another state and to be transported to such consignee in such other state.

That no other conclusion can be reached

is obvious from the concluding paragraph of §6064-55, GC, above set forth, and which excludes from the provisions of a misdemeanor by one not being a holder of a Class H. Permit the following:

"The transportation * * * of intoxicating liquor purchased *.* * from the holder of a permit authorized by the Department of Liquor Control * * * authorizing the sale and delivery of the * * * intoxicating liquor so transported."

Any other conclusion can only be reached by the assumption that the state of Ohio under the liquor control act intended to regulate the importation into another state of liquor legitimately purchased in Ohio for exportation into such other state. Such assumption is untenable.

Judgment of the Municipal Court is reversed and the cause remanded to said court with directions to discharge plaintiff in error.